ORIGINAL

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
BRUNSWICK DIVISION

FILED
U.S. DIST. COURT
BRUNSWICK DIV

2003 AUG 14  A 10· 31

CLERK
SO. DIST. OF GA.

MARGIE HARRIS,

                    Plaintiff,

vs.                                    Civil Action No.· CV203-110

METABOLIC RESEARCH CENTER OF
JACKSONVILLE, INC., MRC OF
COLUMBUS, INC., MRC OF
BRUNSWICK, INC., MRC OF VALDOSTA
INC., METABOLIC RESEARCH CENTER
OF FLORIDA, INC., METABOLIC RESEARCH
CENTER OF NORTH FLORIDA, INC.,
JOHN SOILEAU, individually, NINA SOILEAU,
individually, and BROOKE SOILEAU, individually,

                    Defendants.

---

### DEFENDANTS' PARTIAL MOTION TO DISMISS OR IN THE ALTERNATIVE PARTIAL MOTION FOR SUMMARY JUDGMENT AND SUPPORTING MEMORANDUM OF LAW

Defendants, by counsel, submit the following Motion to Dismiss or in the Alternative Motion for Summary Judgment and Supporting Memorandum of Law pursuant to FRCP 12(b)(1)(2)(5) and (6), and FRCP 56. Defendants seek dismissal of all claims other than Plaintiff's 42 U.S.C. § 1981 claim brought against MRC of Brunswick, Inc. for the reasons set forth below.

1.      Plaintiff filed suit against each of the above referenced Defendants for alleged violations of Title VII of the Civil Rights Act of 1964, 42 U.S C. § 2000e et seq , and 42 U S.C § 1981  Specifically, Plaintiff seeks to hold each

6

Defendant liable for MRC of Brunswick's alleged refusal to hire her because of her race (African-American).

2.      Plaintiff's Title VII claim is time-barred because she failed to file suit within ninety (90) days of her receipt of the Notice of Right to Sue from the Equal Employment Opportunity Commission. See 42 U S C. §2000e-5(f)(1)   Therefore, Plaintiff's Title VII claim must be dismissed as to each Defendant for failure to state a claim upon which relief can be based pursuant to FRCP 12(b)(6).

3       Plaintiff's Title VII claim is time-barred for the additional reason that she failed to file a charge of discrimination within 180 days of the alleged discriminatory refusal to hire. See 42 U.S.C §2000e-5(e)(1). Therefore, Plaintiff's Title VII claim must be dismissed as to each Defendant for failure to state a claim upon which relief can be based pursuant to FRCP 12(b)(6).

4.      Plaintiff's Title VII claim must be dismissed as to each Defendant other than MRC of Brunswick for failure to exhaust administrative remedies, because she failed to file a Charge of Discrimination with the EEOC against any other Defendant   42 U S C  § 2000e-5(e)(1).

5.      Defendants are not subject to suit as "employers" under Title VII, because none of the Defendants has fifteen (15) or more employees.  See 42 U S C. § 2000e(b).  Therefore, Plaintiff's Title VII claim must be dismissed as to each Defendant pursuant to FRCP 12(b)(1) because the Court lacks subject matter jurisdiction over the claim.

6       Plaintiff's claims against individual Defendants John Soileau, Nina Soileau, and Brooke Soileau ("Soileaus") must be dismissed for failure to state a

claim pursuant to FRCP 12(b)(6), because neither Title VII nor Section 1981 allow for individual liability in the instant case.

7.    Plaintiff's claims against the Soileaus must be dismissed pursuant to FRCP 12(b)(2), because this Court does not have personal jurisdiction over any of the Soileaus who are Florida residents

8.    Plaintiff's claims against MRC of Florida, Inc. and MRC of North Florida, Inc  must be dismissed pursuant to FRCP 12(b)(2), because this Court does not have personal jurisdiction over those Florida corporations.

9    Plaintiff's claims against MRC of Florida, MRC of North Florida, and the Soileaus must be dismissed pursuant to Rule 12(b)(5) as service of process was deficient due to lack of personal jurisdiction.

10.    Plaintiff's claims against MRC of Columbus, Inc. and MRC of Valdosta, Inc. must be dismissed pursuant to FRCP 12(b)(6) for failure to state a claim upon which relief can be based, because neither corporation was in existence at the time of the alleged discriminatory refusal to hire.

11.    Plaintiff's Section 1981 claim must be dismissed as to each Defendant other than MRC of Brunswick for failure to state a claim pursuant to FRCP 12(b)(6), because Plaintiff does not allege that any Defendant other than MRC of Brunswick denied her employment.

12.    Defendants seek summary judgment pursuant to FRCP 56 as to any or all of Plaintiff's claims identified above in the event that the Court needs to consider evidentiary materials outside of the pleadings in order to evaluate the claims.

WHEREFORE, Defendants respectfully request that this Court dismiss Plaintiff's claims identified above for reasons more fully set forth below in Defendants' Memorandum of Law.

### Memorandum of Law

Defendants submit the following Memorandum of Law pursuant to Local Rule 7.1(b).

### A.   Plaintiff's Title VII Claim Must Be Dismissed as to Each Defendant Because She Failed to File Suit Within Ninety Days of Her Receipt of the Notice of Right to Sue From the EEOC.

Plaintiff's Title VII claim must be dismissed as time-barred because she failed to file suit within ninety (90) days of her receipt of the Notice of Right to Sue from the Equal Employment Opportunity Commission.   *See* 42 U.S.C. § 2000e-5(f)(1).   The EEOC issued the Notice of Right to Sue on May 23, 2002. (*See* Notice of Right to Sue attached as Exhibit 1)  However, Plaintiff did not file suit until July 9, 2003, more than a year after the EEOC issued the Notice of Right to Sue  (See Complaint)  Plaintiff does not even allege that she filed suit within 90 days of her receipt of the Notice of Right to Sue.   Rather, Plaintiff admits that she "did not file a lawsuit within ninety days after the EEOC dismissed her charge of discrimination." (Complaint ¶41)

Nevertheless, Plaintiff argues that she is entitled to equitable tolling of the limitations period  The Supreme Court has made clear that equitable tolling is an "extraordinary remedy to be utilized sparingly."  Justice v. United States, 6 F.3d 1474, 1479 (11th Cir. 1993) *citing* Irwin v. Dep't  of Veteran Affairs, 498 U S. 89 (1990).  Plaintiff has the burden of proof to show that this "extraordinary remedy

is warranted." Ross v. Buckeye Cellulose Corp., 980 F.2d 648 (11th Cir. 1993). Equitable tolling is available after the EEOC's issuance of a Notice of Right to Sue if: (1) the statutory notice does not advise the plaintiff of the ninety day limitations period; or (2) the plaintiff is misled by further communication from the EEOC or employer as to the limitations period. See Leonard v. Rumsfeld, 146 F.Supp.2d 1227 (M.D. Ala 2001) citing Hefner v. New Orleans Public Service, Inc., 605 F.2d 893, 896 (5th Cir. 1979) Plaintiff's Complaint contains no allegation that the Notice of Right to Sue failed to notify her of the ninety day period or that any other communication from the EEOC misled her as to the limitations period. Nor could plaintiff make such a claim in good faith as the Notice of Right to Sue states in bold lettering that her lawsuit "**must be filed WITHIN 90 DAYS from your receipt of this Notice**" (See Exhibit 1) (emphasis in original)

Plaintiff does not allege that Defendants misled her as to the limitations period. Rather, Plaintiff alleges only that "she did not file a lawsuit within ninety days" of receipt of the Notice of Right to Sue because Defendants "sought to mislead Plaintiff as to jurisdiction under Title VII." (Complaint ¶¶ 40-41) This allegation is insufficient to invoke the doctrine of equitable tolling after her receipt of the EEOC's Notice of Right to Sue See Rumsfeld, 146 F.Supp.2d at 1227-1228 (M.D. Ala. 2001) (misleading conduct by employer insufficient to invoke equitable tolling after receipt of Notice of Right to Sue). Therefore, Defendants are entitled to dismissal of Plaintiff's Title VII claim pursuant to FRCP 12(b)(6), or alternatively summary judgment pursuant to FRCP 56.

**B.**   **Plaintiff's Title VII Claim Must Be Dismissed as to Each Defendant Because She Failed to File a Charge of Discrimination Within 180 Days of the Alleged Discriminatory Refusal to Hire.**

It is well settled that the timely filing of a charge of discrimination with the EEOC is a prerequisite to pursuing a Title VII claim. <u>Alexander v. Fulton County, Ga.</u>, 207 F 3d 1303, 1332 (11th Cir. 2000). Title VII requires an employee in a non-deferral state such as Georgia to file an administrative charge within 180 days of an alleged discriminatory act. *See* 42 U S C § 2000e-5(e)(1) [1] Failure to file a charge with the EEOC within the 180-day time period mandates dismissal of the claim as time-barred. *See* <u>Pijnenburg v. West Georgia Health System, Inc.</u>, 255 F.3d 1304 (11th Cir.l 2001); <u>Ross v. Buckeye Cellulose Corp.</u>, 980 F 2d 648, 662 (11th Cir. 1993)

Plaintiff claims that MRC of Brunswick failed to hire her in July of 2001. (Complaint ¶¶17-24) However, Plaintiff did not file a Charge of Discrimination until March 28, 2002, more than 180 days after the alleged discriminatory refusal to hire. (*See* Ex. 2) Therefore, Plaintiff's Title VII claim must be dismissed as time-barred because she failed to timely file a Charge of Discrimination with the EEOC.

Plaintiff's allegation in her Charge of Discrimination that she learned that she was not hired because of her race in January of 2002 does not allow for the

---

[1] 42 U S C § 2000e-5(e) provides in relevant part:

[a] charge under this section shall be filed within one hundred and eighty days after the alleged employment practice occurred and notice of the charge (including the date, place and circumstances of the alleged unlawful employment practice) shall be served upon the person against whom the such charge is made within ten days thereafter

"extraordinary remedy" of equitable tolling discussed above.  (See Ex 2)  Amini v. Oberlin College, 259 F 3d 493, 498 (6th Cir. 2001) (the starting date for the Title VII limitations period is when the plaintiff learns of the employment decision itself, not when the plaintiff learns that the employment decision may have been discriminatorily motivated); Thelen v Marc's Big Boy Corp , 64 F.3d 264, 267 (7th Cir. 1995) (same); Oshiver v. Levin, Fishbein, Sedran & Berman, 38 F.3d 1380, 1386 (3d Cir. 1994) (equitable tolling requires unawareness of injury, not just unawareness that discrimination caused injury).  Consequently, Plaintiff's Title VII claim is clearly time-barred and not subject to equitable tolling.  Therefore, Defendants are entitled to dismissal of Plaintiff's Title VII claim for failure to state a claim upon which relief can be based pursuant to FRCP 12(b)(6), or alternatively, summary judgment pursuant to FRCP 56 [2]

**C.   Plaintiff's Title VII Claim Must be Dismissed Because None of the Defendants Has Fifteen or More Employees.**

Title VII provides for liability only against an "employer"  42 U S.C § 2000e-2(a); Busby v. City of Orlando, 931 F 2d 764 (11th Cir. 1991).  Title VII defines an "employer" as an entity "engaged in an industry affecting commerce who has fifteen or more employees for each working day in each of twenty or more calendar weeks in the current or preceding calendar year."  42 U S.C. § 2000e(b).   The current calendar year is the year in which the alleged discrimination occurred.  Dumas v. Town of Mount Vernon, Ala., 612 F.2d 974 (5th Cir. 1980).   The question of whether a defendant meets the statutory

---

[2] Additionally, each Defendant other than MRC of Brunswick is also entitled to dismissal of Plaintiff's Title VII claim for failure to exhaust administrative remedies, because Plaintiff failed to file a Charge of Discrimination against any other Defendant  42 U S C  § 2000e-5(e)(1); Cantrell v Smith, 248 F Supp 2d 1126 (M D  Ala  2003)

definition of "employer" is a threshold jurisdictional matter to be determined prior to reaching the merits of a Title VII claim. *See* Llampallas v Mini-Circuits, Lab., Inc., 163 F.3d 1236, 1242 (11th Cir. 1998); Lyes v. City of Riviera Beach, 166 F.3d 1332, 1340-41 (11th Cir. 1999).

None of the Defendants employed fifteen or more employees as defined above in 2001 or the preceding calendar year. (John Soileau Aff'd. ¶ 9; Brooke Soileau Aff'd ¶ 9) Indeed, none of the Defendants have had fifteen employees in any calendar year or at any one time. (John Soileau Aff'd ¶ 9; Brooke Soileau Aff'd. ¶ 9) Accordingly, as the EEOC correctly concluded, Defendants cannot be held liable as employers under Title VII. (*See* Notice of Right to Sue submitted as Exhibit 1).

Plaintiff's conclusory allegation that Defendants are a "single employer" or "joint employers" is insufficient to allow the Court to aggregate the employees of each individual Defendant in light of the Soileaus' affidavit testimony showing that each MRC is a separate and distinct operation not subject to the influence of the other MRC's.[3] Each of the MRC Defendants are separately incorporated. (John Soileau Aff'd ¶ 5, Brooke Soileau Aff'd ¶ 4) None of the MRC's has a parent corporation, and none of the MRC's are subsidiaries of one another. (John Soileau Aff'd ¶ 5; Brooke Soileau Aff'd. ¶ 4) The MRC's are not interrelated and do not have common management. (John Soileau Aff'd ¶ 6; Brooke Soileau Aff'd. ¶ 5) None of the MRCs have the authority to promulgate work rules for

---

[3] Courts consider factors such as degree of interrelationship of operations, degree of centralized *control over labor relations, common management and ownership in determining whether employers are single employers or joint employers under Title VII* See McKenzie v Davenport-Harris Funeral Home, 834 F 2d 930 (11th Cir 1987), Parker v Columbia Pictures Indust., 204 F 3d 3263 (2d Cir 2000)

other MRCs, supervise other MRC's employees or hire or fire the employees of other MRCs. (John Soileau Aff'd ¶ 6; Brooke Soileau Aff'd. ¶ 5) Employment decisions for each MRC are made solely by local MRC managers and supervisors, and there is no centralized control over labor relations, employment decisions, or personnel functions. (John Soileau Aff'd ¶ 6, Brooke Soileau ¶ 5) Therefore, Defendants are entitled to dismissal of Plaintiff's Title VII claim pursuant to FRCP 12(b)(1) or alternatively summary judgment pursuant to FRCP 56.

**D.    Plaintiff's Claims Against Individual Defendants John Soileau, Nina Soileau, and Brooke Soileau Must Be Dismissed Because Neither Title VII Nor Section 1981 Provide For Individual Liability.**

It is well settled that individuals cannot be held liable under Title VII. Busby v. City of Orlando, 931 F.2d 764 (11th Cir. 1991) (holding that the relief available under Title VII is available only against employers and not individuals); Cross v. Alabama Dep't of Mental Health, 49 F.3d 1490, 1504 (11th Cir. 1995) (holding that there is no individual liability under Title VII); Moss v. WNA Cleaners, 111 F.Supp 2d 1181 (M D. Ala. 2000) (same). Therefore, Plaintiff's efforts to hold the Soileaus individually liable under Title VII must be dismissed for failure to state a claim upon which relief can be based pursuant to FRCP 12(b)(6)

Section 1981 liability against an individual requires personal involvement in the alleged discriminatory act. Daulo v. Commonwealth Edison, 892 F.Supp. 1088 (E D. Ill. 1995); Musikiwamba v. Seessi, Inc., 760 F.2d 747, 753 (7th Cir. 1985); Johnson v. Resources for Human Development, 843 F.Supp. 974 (E.D

Pa 1994). No personal liability may be imposed on a corporate official "when that official is not alleged to have participated in the actual discrimination against the plaintiff." Musikiwamba, 760 F.2d at 753. Plaintiff has not alleged that any of the Soileaus participated in the alleged discriminatory refusal to hire, nor could Plaintiff make such an allegation in good faith, as the Soileaus were not involved in the alleged decision to deny Plaintiff employment and not even aware of Plaintiff's existence until after she filed a Charge of Discrimination. (John Soileau Aff'd ¶ 7, 10; Brooke Soileau Aff'd ¶ 6, 7, 10) Rather, Plaintiff alleges only that MRC of Brunswick President Kristin Summers directed former MRC of Brunswick Manager Alicia Miller not to hire her (Complaint ¶20-21) Therefore, Plaintiff's Section 1981 claim against the Soileaus must be dismissed for failure to state a claim upon which relief can be based pursuant to FRCP 12(b)(6).

**E.** **Each of Plaintiff's Claims Against Non-Resident Defendants, MRC Of Florida, Inc., MRC Of North Florida, Inc., and the Soileaus Must Be Dismissed Pursuant to FRCP 12(b)(2) Because This Court Does Not Have Personal Jurisdiction Over Those Defendants.**

In analyzing the question of personal jurisdiction the Court must first determine whether the nonresident defendants are subject to jurisdiction under Georgia's long arm statute If so, the Court must then determine if an assertion of jurisdiction would comport with constitutional due process. See Vogt v. Green Marine Holdings LLC, 2002 U.S. Dist. LEXIS 21013 (N.D. Ga. 2002); Madara v. Hall, 916 F.2d 1510, 1514 (11th Cir. 1990). Georgia's long arm statute is coterminous with constitutional due process. See Vogt, 2002 U.S Dist. LEXIS 21073 at 12 citing Francosteel Corp v. M/V Charm, 19 F.3d 624 (11th Cir. 1994)

("Georgia's long arm statute confers *in personam* jurisdiction to the maximum extent allowed by the due process clause of the Federal Constitution."); *see also* Horsley v. Feldt, 128 F.Supp.2d 1374 (N.D. Ga. 2000) (same). Thus, the only inquiry here is a constitutional one.

The Court must consider two factors when determining whether asserting personal jurisdiction over nonresident defendants would comport with due process. First, the Court must decide whether the Defendants have "sufficient minimum contacts" with the forum state, Georgia. Burger King Corp. v Rudzewicz, 471 U.S. 462 (1985). In order to satisfy minimum contacts for the purposes of personal jurisdiction, the contacts must· (1) be related to plaintiff's cause of action, (2) involve some act of "purposeful availment" by the defendant of the privileges of the forum; and (3) be such that the defendant should reasonably anticipate being "haled into court there." Francosteel Corp., 19 F.3d at 627  If the Court finds sufficient minimum contacts, it must then determine whether the exercise of personal jurisdiction would offend the "traditional conception of fair play and substantial justice." International Shoe Co. v. Washington, 326 U.S. 310, 320.

MRC of Florida and MRC of North Florida do not have sufficient minimum contacts with Georgia to justify the Court's assertion of personal jurisdiction MRC of Florida and MRC of North Florida are Florida corporations that do not do business in the State of Georgia. (John Soileau Aff'd. ¶ 3)  Neither MRC of Florida nor MRC of North Florida have any ownership interest or control over MRC of Brunswick or any other Defendant. (John Soileau Aff'd ¶¶ 5-6)  Plaintiff

did not apply for employment at either MRC of Florida or MRC of North Florida, and neither MRC of Florida nor MRC of North Florida had any input into the alleged decision to deny Plaintiff employment. (John Soileau Aff'd. ¶ 7)  Neither MRC of Florida nor MRC of North Florida have done anything to avail themselves of the privileges of the forum state, nor could they reasonably anticipate being haled into court in Georgia.

Similarly, John, Nina and Brooke Soileau do not have sufficient minimum contacts with Georgia to allow this Court to assert personal jurisdiction.  John, Nina and Brooke Soileau are Florida residents who do not own property in Georgia.  (Complaint ¶¶ 10-12; John Soileau Aff'd  ¶¶ 1, 8, Nina Soileau Aff'd. ¶¶ 1, 8; Brooke Soileau Aff'd  ¶ 8)  John and Nina Soileau each own one quarter of the stock of Georgia corporations MRC of Jacksonville, MRC of Brunswick, and MRC of Valdosta.  (John Soileau Aff'd ¶ 2, Nina Soileau Aff'd. ¶ 2)   Brooke Soileau owns all of the stock of Georgia corporation MRC of Columbus.  (Brooke Soileau Aff'd  ¶ 2)  However, John, Nina and Brooke Soileaus' stock ownership in the Georgia corporations is not sufficient to allow the Court to assert personal jurisdiction over them   See Vogt v. Green Marine Holdings LLC, 2002 U.S. Dist LEXIS 21093 (N D. Ga. 2002); citing Central States v. Reimer Express World Corporation, 230 F.3d 934 (7th Cir. 2000) (corporate ownership insufficient to allow assertion of personal jurisdiction), see also NBD Bank v. Kersey, 2000 U.S. Dist. LEXIS 624 (E.D. La. 2000) (individual stock ownership insufficient to allow for assertion of personal jurisdiction).  As the Seventh Circuit held in Central States:

> The primary purpose of the corporate form is to prevent a company's owners, whether they are persons or other corporations, from being liable for the activities of the company. Where corporate formalities have been observed, a company's owners reasonably expect that they cannot be held liable for the faults of the company. Thus, such owners do not reasonably anticipate being haled into a foreign forum to defendant against liability for the errors of the corporation.

Central States, 230 F.3d at 934.

Each MRC is a separately incorporated company with different ownership. (John Soileau Aff'd ¶ 5) None of the MRC's has a parent corporation, and none of the MRC's are subsidiaries of one another. (John Soileau ¶ 5) Even if a parent/subsidiary relationship existed between the Georgia and Florida corporations, such a relationship would be insufficient to allow the Court to exercise personal jurisdiction. Vogt, 2002 U.S Dist. LEXIS 21013 at 21 ("it is well established that as long as a parent and a subsidiary are separate and distinct corporate entities, the presence of one in a forum state may not be attributed to the other") citing Cannon Manufacturing Co. v Cudahy Packing Co., 267 U.S. 333 (1925). Accordingly, this Court's assertion of personal jurisdiction would offend "the traditional concept of fair play and substantial justice." International Shoe, 326 U.S. 310, 320 (1945).

Furthermore, Plaintiff's conclusory allegations that Defendants are a "single employer" or "joint employer" under Title VII is insufficient to allow this Court to invoke personal jurisdiction over MRC of Florida, MRC of North Florida or the Soileaus.[4]  See Vogt v. Green Marine Holdings LLC, 2002 U.S. Dist.

---

[4] On a motion to dismiss for lack of personal jurisdiction under FRCP 12(b)(2), the Court must accept the facts alleged in the Complaint as true only if they are uncontroverted by Defendants' affidavits  Vogt, 2002 U S  Dist  LEXIS at 26

LEXIS 21013 (N.D. GA 2002) *citing* Central States Pension Fund v Reimer Express World Corp., 230 F.3d 934 (7th Cir 2000)  In Vogt, the plaintiffs argued that the proper test for personal jurisdiction was whether the defendants constituted a single employer so as to be liable under the WARN Act.  Rejecting this argument, the court found that "it is improper to conflate an issue of subject matter jurisdiction [whether the employer had a sufficient number of employees to be subject to the Act] with personal jurisdiction.  Liability and jurisdiction are two separate inquiries " Vogt, 202 U.S. Dist LEXIS at 10-11.  The Court found that this argument.

> Ignores the process by which courts determine whether specific personal jurisdiction exists and confuses liability and jurisdiction ..
> The laws on which the suit are based would be irrelevant because a state or federal statute cannot transmogrify insufficient minimum contacts into a basis for personal jurisdiction by making these contacts elements of a cause of action since this would violate due process.. .   Similarly, jurisdiction and liability are two separate inquiries   The fact that a defendant would be liable under a statute if personal jurisdiction over it could be obtained is irrelevant to the question of whether such jurisdiction can be exercised.  [The federal statute's] definition of corporate affiliation as an element of .. liability cannot confer personal jurisdiction on the basis of such affiliation .   Thus, [the federal statute's] control group provision regarding withdrawal liability does not alter the rule that corporate affiliation or ownership is not a sufficient minimum contact for the exercise of personal jurisdiction.

See Vogt, 2002 U.S. Dist. LEXIS 21013 at 11, *quoting* Central States, 230 F.3d 934 (7th Cir. 2000) (dismissing ERISA case for lack of personal jurisdiction despite plaintiff's argument that separate corporations were part of the same control group for purposes of withdrawal liability.)  Therefore, Plaintiff's claims *against MRC of Florida, MRC of North Florida and the Soileaus must be*

dismissed pursuant to Federal Rule of Civil Procedure 12(b)(2) because this Court does not have personal jurisdiction over those defendants.[5]

**F.      Each of Plaintiff's Claims Against MRC of Columbus, Inc. and MRC Of Valdosta, Inc. Must Be Dismissed Pursuant to FRCP 12(b)(6) Because Neither Corporation Was in Existence at the Time of the Alleged Discriminatory Refusal To Hire.**

Neither MRC of Columbus, Inc. nor MRC of Valdosta, Inc were in existence at the time of MRC of Brunswick's alleged discriminatory refusal to hire Plaintiff in July, 2001. Specifically, MRC of Columbus was incorporated under Georgia law on May 3, 2002  (Brooke Soileau Aff'd  Ex. 3)  MRC of Valdosta was incorporated under Georgia law on September 11, 2001.  (John Soileau Aff'd. ¶ 4)  Plaintiff has failed to plead any facts or identify any legal theory which would allow MRC of Columbus or MRC of Valdosta to be held liable for the acts of a separate corporation which occurred prior to their creation.   Therefore, Plaintiff's claims against MRC of Columbus and MRC of Valdosta must be dismissed for failure to state a claim pursuant to FRCP 12(b)(6).

**G.      Plaintiff's Section 1981 Claim Must be Dismissed as to Each Defendant Other Than MRC of Brunswick for Failure to State a Claim Pursuant to FRCP 12(b)(6) Because Plaintiff Does Not Allege That Any Defendant Other Than MRC of Brunswick Denied Her Employment.**

In order for Plaintiff to state a discriminatory failure to hire claim under 42 U.S C. § 1981 she must establish each of the following: (1) she is a member of a protected class, (2) she applied and was qualified for the position; (3) she was rejected in spite of her qualifications; and (4) the position went to a person who

---

[5] Plaintiff's claims against MRC of Florida, MRC of North Florida and the Soileaus must also be dismissed pursuant to FRCP 12(b)(5) because service of process was deficient due to lack of personal jurisdiction  See McCurdy v  American Bank of Plastic Surgery, 157 F 3d 191 (3d Cir 1998)

was not a member of a protected class.   Robinson v. Regents Financial Corporation, 242 F.Supp.2d 1070 (M.D. Ala. 2002); citing Arrington v. Cobb County, 139 F.3d 865 (11th Cir. 1998).  Plaintiff's claims must be dismissed as to each Defendant other than MRC of Brunswick because Plaintiff has failed to plead that she applied for employment with any of the other Defendants. Therefore, each of the defendants other than MRC of Brunswick is entitled to dismissal pursuant to FRCP 12(b)(6) for failure to state a claim upon which relief can be based.

WHEREFORE, Defendants respectfully request that this Court enter an order granting Defendants' Partial Motion to Dismiss or in the Alternative Partial Motion for Summary Judgment and dismiss all claims other than Plaintiff's Section 1981 claim brought against MRC of Brunswick.

McGuireWoods LLP

_____

Jeffrey S. York
Georgia Bar No.: 781116
50 North Laura Street
Suite 3300
Jacksonville, Florida  32202
(904) 798-3200

Attorneys for Defendants


## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of the foregoing has been furnished by

U.S. Mail to Stephen M. Katz, Esquire and Lisa T. Hale, Esquire, Betts & Katz,

LLP, The Grant Building, Suite 200, 44 Broad Street, N.W., Atlanta, Georgia

30303, this _13th_ day of August, 2003.

_____
                              Attorney