# In the United States District Court
## for the Southern District of Georgia
## Brunswick Division



| | | |
|---|---|---|
| MARGIE HARRIS, | : | CIVIL ACTION |
| Plaintiff, | : | |
| v. | : | |
| METABOLIC RESEARCH | : | |
| CENTER OF JACKSONVILLE, | | |
| INC., et al., | : | |
| Defendants. | : | NO. CV203-110 |

## O R D E R

Plaintiff, Margie Harris, brought this action against
Defendants, Metabolic Research Center of Jacksonville, Inc.
("MRC Jacksonville"), MRC of Columbus, Inc. ("MRC Columbus"),
MRC of Brunswick, Inc. ("MRC Brunswick"), MRC of Valdosta, Inc.
("MRC Valdosta"), Metabolic Research Center of Florida, Inc.
("MRC Florida"), Metabolic Research Center of North Florida,
Inc. ("MRC North Florida"), John Soileau, Nina Soileau, and
Brooke Soileau, alleging race discrimination in violation of
Title VII and 42 U.S.C. § 1981.  Before the Court is
Defendants' partial motion to dismiss or, in the alternative,

AO 72A
(Rev 8/82)

28

partial motion for summary judgment.  The motion will be **DENIED IN PART** and **GRANTED IN PART**.

## FACTS

In July 2001, Harris, an African-American, applied for a position at MRC Brunswick.  After she interviewed for the position, the store manager, Alicia Miller, recommended Harris to her supervisors for hire.  However, Miller's supervisors, including Kristin Summers, Victoria Baer Cross, and Brooke Soileau, told Miller that no black individuals were to be hired.  Miller was told that MRC had problems with black employees in the Savannah store and, therefore, she was not to hire any black employees for the Brunswick store.  When Miller expressed concern about this discriminatory hiring practice, she was terminated.

Harris did not learn the reason she was not hired until January 2002.  In March 2002, she filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC") against MRC Brunswick.  In response to information provided by the Defendant, the EEOC determined that MRC Brunswick did not have the fifteen required employees for Title VII to apply.  The EEOC closed its file in May 2002.  Based

2

upon Defendant's contentions that Title VII did not apply to it, Harris did not file suit at that time.

However, Harris learned that there were many MRC companies owned and incorporated by John, Nina, and Brooke Soileau. Harris alleges that the Soileau's MRC operations in south Georgia and North Florida are interrelated and should be treated as a single or joint employer. John Soileau has served simultaneously as President, Treasurer, Director, and/or registered agent of MRC Jacksonville, MRC Florida, and MRC North Florida. At the same time, Nina Soileau has served simultaneously as Secretary and registered agent of MRC Brunswick, Chairman and Secretary of MRC Jacksonville, CEO of MRC Valdosta, Chairman and Secretary of MRC Florida, and Chairman and Secretary of MRC North Florida. Brooke Soileau has served as CEO and Secretary of MRC Columbus. Several of these businesses are headquartered together in Green Cove Springs, Florida. Harris also alleges that when MRC of Savannah faced a similar discrimination suit, the Soileaus dissolved that corporation to avoid liability under discrimination laws. Harris filed suit against the Soileaus and MRCs in Georgia and North Florida alleging discrimination based on race in July 2003.

AO 72A
(Rev 8/82)

Defendants allege that Harris' Title VII claim should be dismissed because she failed to  file suit within ninety days of her receipt of notice to sue from the EEOC.  Likewise, Defendants contend that Harris failed to file a charge of discrimination with the EEOC within 180 days of the alleged discriminatory act.  Defendants also assert that none of the named defendants is subject to Title VII because none has more than fifteen employees.  Furthermore, Defendants contend that neither Title VII nor Section 1981 apply to the individual Defendants, and also assert that personal jurisdiction is not satisfied for several of the Defendants.  Finally, Defendants assert that MRC Columbus and MRC Valdosta must be dismissed because these two entities were not in existence at the time of the alleged discriminatory act.

## STANDARD FOR MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM

Defendants move to dismiss portions of Harris' complaint for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6).  Defendants are entitled to dismiss the claim if "the plaintiff can prove no set of facts in support of the claim that would entitle it to relief."  Davita Inc. v. Nephrology Associates, P.C., 253 F. Supp. 2d 1370, 1374

4

(S.D. Ga. March 25, 2003). "In evaluating the sufficiency of a complaint, a court must accept the well pleaded facts as true and resolve them in the light most favorable to the plaintiff." Beck v. Deloitte & Touche, 144 F.3d 732, 735 (11th Cir. 1998) (internal quotation marks omitted). Furthermore, the Court should consider only the facts as alleged in the parties' pleadings. Matter outside the pleadings may be considered only if the motion is converted to one for summary judgment. Fed. R. Civ. P. 12(b)(6), (c).

## STANDARD FOR SUMMARY JUDGMENT

Defendants are entitled to partial summary judgment on their motion if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to summary judgment." Fed. R. Civ. P. 56(c). On a motion for summary judgment, the initial burden is on the movant, who must make a case for the absence from the record of any material issue of fact. Cohen v. United American Bank of Cent. Fla., 83 F.3d 1347, 1349 (11th Cir. 1996). Once the movant has met this burden, the burden shifts to the non-movant, who must

AO 72A
(Rev 8/82)

contradict the movant's showing by demonstrating that the evidence in the record before the Court would be sufficient to support a jury verdict in the non-movant's favor, assuming that all inferences are drawn, and any doubt regarding the credibility of evidence is resolved, in the non-movant's favor. Id.; Mize v. Jefferson City Bd. of Educ., 93 F.3d 739, 742 (11th Cir. 1996).

## DISCUSSION

### I.   TITLE VII

Title VII of the Civil Rights Act of 1964 prohibits discrimination in the workplace on the basis of race.   42 U.S.C. § 2000e-2(a) (2003).   The timely filing of a charge of discrimination with the EEOC is a prerequisite to pursuing a Title VII claim.   Alexander v. Fulton County, Ga., 207 F.3d 1303, 1332 (11th Cir. 2000).   Title VII requires an employee to file a charge of discrimination within 180 days of the alleged discriminatory act.   42 U.S.C. § 2000e-5(e)(1) (2003). The alleged discriminatory practice took place in July 2001 when Harris was not hired by MRC Brunswick.   Harris did not file a Charge of Discrimination until March 28, 2002, more than 180 days after the alleged discriminatory refusal to hire.

AO 72A
(Rev. 8/82)

However, Title VII suits are not necessarily time-barred when a plaintiff files a complaint outside the period designated under the statute. Baldwin County Welcome Center v. Brown, 446 U.S. 147, 150-52 (1984). "The requirement that a claimant file 'a timely charge of discrimination with the EEOC is not a jurisdictional prerequisite to sue in federal court, but a requirement that, like a statute of limitations, is subject to waiver, estoppel, and equitable tolling.'" Sturniolo v. Sheaffer, Eaton, Inc., 15 F.3d 1023, 1025 (11th Cir. 1994) (quoting Stafford v. Muscogee County Bd. of Educ., 688 F.2d 1383, 1387 (11th Cir. 1982)).

## A.   Equitable Estoppel

Under equitable principles, a limitations period does not start to run until the facts which would support a charge of discrimination are apparent or should be apparent to a person with a reasonably prudent regard for her rights. Sturniolo, 15 F.3d at 1025. While Harris alleges the discriminatory practice occurred when she was not hired in July 2001, she claims she did not learn that the decision was based on her race until January 2002. She relies on Sturniolo for the proposition that the limitations period does not start to run

7

AO 72A
(Rev 8/82)

until she was aware that the hiring decision was based upon her race.  In <u>Sturniolo</u>, an employee was terminated and told the decision was based on a plan to reorganize and reduce the number of selling regions the company would utilize.  <u>Id.</u>  In effect, Sturniolo was told his position had been eliminated.  However, a few months later the company hired someone else for the exact position from which Sturniolo had been terminated.  <u>Id.</u>  What Harris fails to recognize in her argument, is that the employer in <u>Sturniolo</u> affirmatively misrepresented to the employee the reason for the employment decision.  By such misleading conduct, the employer was equitably estopped from asserting a limitations defense.

In the case at hand, MRC Brunswick made no affirmative misrepresentation to Harris.  All MRC Brunswick did was contest the alleged charges by asserting its position with the EEOC that it was not subject to Title VII because it had fewer than fifteen employees.  If asserting a good faith defense alone is grounds for equitable estoppel, the statutory filing periods would in effect become meaningless.  Any employee could wait beyond the statutory filing periods and claim her employer had mislead her simply by presenting its case to the EEOC.  Without misleading conduct by MRC Brunswick or any of the other

AO 72A
(Rev. 8/82)

defendants, equitable estoppel will not save Harris' untimely filing.

**B.   Equitable Tolling**

Unlike the doctrine of equitable estoppel, equitable tolling does not require any misconduct on the part of the defendant.  Browning v. AT&T Paradyne, 120 F.3d 222, 226 (11th Cir. 1997).  Harris also argues that she should be entitled to equitable tolling of the time to file a charge with the EEOC. Equitable tolling is an "extraordinary remedy" to be utilized sparingly.   Justice v. United States, 6 F.3d 1474, 1479 (11th Cir. 1993).  In the Eleventh Circuit, the doctrine of equitable tolling has been followed where a plaintiff's complaint was untimely as a result of confusing communications from the EEOC, where the court led the plaintiff to believe she had done all that was required of her, and where a motion for the appointment of counsel was pending.  Browning, 120 F.3d at 227. The Court finds that the circumstances of the case at hand are not so extraordinary as to warrant equitable tolling. Accordingly, Harris failed to file a charge of discrimination with the EEOC within 180 days of the alleged discriminatory

AO 72A
(Rev 8/82)

practice and her Title VII complaint will be dismissed as to each Defendant.

## II.   SECTION 1981

To establish a discriminatory failure to hire claim under 42 U.S.C. § 1981, Harris must establish (1) that she is a member of a protected class; (2) she applied and was qualified for the position; (3) she was rejected in spite of her qualifications; and (4) the position went to a person who was not a member of a protected class.   Robinson v. Regents Financial Corp., 242 F. Supp. 2d 1070, 1081-82 (M.D. Ala. 2002) (citing Arrington v. Cobb County, Ga., 139 F.3d 865, 873 (11th Cir. 1998)).   As stated above, Defendants assert that Harris' Section 1981 claim should be dismissed as to all Defendants except MRC Brunswick, because only MRC Brunswick denied her employment.   Defendants, MRC Florida, MRC North Florida, and John, Nina and Brooke Soileau, also assert the Court does not have personal jurisdiction over them.   Likewise Defendants, John, Nina and Brooke Soileau, assert that Section 1981 does not provide for individual liability in this case.   Finally, Defendants, MRC Columbus and MRC Valdosta, claim they should

AO 72A
(Rev 8/82)

be dismissed entirely because they were not in existence at the time of the alleged discriminatory refusal to hire.

## A.   MRC Brunswick

Harris only applied to MRC Brunswick, and not any of the other MRC Defendants.  However, she asserts that the Defendants were all integrated and involved in the discriminatory practice at issue in this case and should be treated as joint or single employers.   To determine whether two or more entities are integrated sufficiently to be a "single employer," the Eleventh Circuit has recognized the following factors: (1) interrelation of operations; (2) centralized control of labor relations; (3) common management; and (4) common ownership or financial control.  Lyes v. City of Riviera Beach, Fla., 166 F.3d 1332, 1341 (11th Cir. 1999).  Not all factors need be present for the Court to find that a single employer exists, nor is one factor alone controlling.  Id.  Harris has presented enough evidence to create a genuine issue of material fact as to whether the MRC Defendants were highly integrated and subject to "single employer" treatment.   First, there is significant common ownership and management among the MRC Defendants.  They are all owned partly or fully by the three individual Defendants

11

in this action.   Kristin Summers, one of the supervisors who allegedly ordered Harris not to be hired because of her race, serves as a manager and operator of MRC Brunswick, MRC Jacksonville, and MRC Valdosta.   Likewise, several of the MRC Defendants have corporate headquarters at the same address in Green Cove Springs, Florida.   These facts alone, even without Harris having an opportunity to conduct discovery, present a question of fact regarding whether MRC Defendants are sufficiently integrated to be liable under Section 1981 for the alleged discriminatory act.

## B.   **Personal Jurisdiction**

A federal court has personal jurisdiction over a non-resident to the extent permitted by the forum state's long-arm statute.   Nippon Credit Bank, Ltd. v. Matthews, 291 F.3d 738, 746 (11th Cir. 2002).   Georgia's long-arm statute confers jurisdiction to the maximum extent permitted by due process. Id.   "When the courts of the forum State have interpreted the forum's long-arm statute to confer jurisdiction to the limits allowed by federal due process, state law need not be applied: [the Court] need only ask whether the exercise of jurisdiction over the nonresident defendant comports with due process."

AO 72A
(Rev 8/82)

<u>Francosteel Corp. v. M/V Charm</u>, 825 F. Supp. 1074, 1077 (S.D. Ga. 1993), <u>aff'd</u> 19 F.3d 624 (11th Cir. 1994) (citation omitted). Accordingly, the Court need only address due process concerns with respect to the exercise of jurisdiction over the non-resident Defendants.

A two-prong test is used to determine if the exercise of personal jurisdiction over a nonresident comports with due process. First, the nonresident purposefully must have established minimum contacts with the forum state. <u>See</u> <u>World-Wide Volkswagen Corp. v. Woodson</u>, 444 U.S. 286, 297 (1980). Sufficient minimum contacts exist if (1) the contacts are related to the plaintiff's cause of action or give rise to it, (2) the contacts involve some act by which the nonresident purposefully avails itself of the privilege of conducting activities within the forum, and (3) the contacts are such that the nonresident reasonably should anticipate being hauled into court in the forum. <u>Urspruch v. Greenblum</u>, 968 F. Supp. 707, 711 (S.D. Ga. 1996). Second, the exercise of jurisdiction must not offend the "traditional notions of fair play and substantial justice." <u>International Shoe Co. v. Washington</u>, 326 U.S. 310, 316 (1945).

AO 72A
(Rev 8/82)

### 1.   MRC North Florida and MRC Florida

MRC North Florida and MRC Florida do not have sufficient minimum contacts, if any contact, with Georgia for the Court to assert personal jurisdiction over them.   They are not incorporated in and do not conduct any business in Georgia. Neither maintains offices in Georgia, advertises in Georgia, or contracts in Georgia.   Neither corporation has any ownership interest in MRC Brunswick or any other Defendant.

Harris argues that the single employer liability addressed above establishes minimum contacts.   However, liability and personal jurisdiction are two separate inquiries.   "The fact that a defendant would be liable under a statute if personal jurisdiction over it could be obtained is irrelevant to the question of whether such jurisdiction can be exercised." Vogt v. Greenmarine Holding, LLC, 2002 WL 534542 at * 3 (N.D. Ga. Feb. 20, 2002) (quoting Central States, Southeast & Southwest Areas Pension Fund v. Reimer Express World Corp., 230 F.3d 934, 944 (7th Cir. 2000).   When a court determines that a defendant does not have sufficient minimum contacts with the forum, the personal jurisdiction analysis ends.   Accordingly, Defendants, MRC North Florida and MRC Florida, are dismissed, as the Court lacks personal jurisdiction over them.

AO 72A
(Rev 8/82)

## 2.   Individual Defendants

Defendants, John, Nina, and Brooke Soileau, are residents of Florida.   They do not own property in Georgia.   Harris asserts that the Soileau's ownership interest and involvement in management of the MRC Defendants incorporated in Georgia provides personal jurisdiction.   John and Nina Soileau each own one quarter of the stock of Georgia corporations, MRC Jacksonville, MRC Brunswick, and MRC Valdosta.   Brooke Soileau owns all of the stock of Georgia corporation, MRC Columbus. Also John and Nina Soileau were President and/or Chairman of each of these entities up until early 2003.

Corporate ownership, alone, is insufficient to allow assertion of personal jurisdiction. <u>Central States</u>, 230 F.3d at 944; <u>Vogt</u>, 2002 WL 534542 at * 3.   Likewise, in Georgia, the rule is that in order to assert personal jurisdiction over an individual whose dealings in the state have primarily been in his capacity as a corporate officer, the individual must have independent minimum contacts with the forum state that meet due process standards. <u>Club Car, Inc. v. Club Car (Quebec) Import, Inc.</u>, 276 F. Supp. 2d 1276, 1293 (S.D. Ga. Jan. 17, 2003). Harris has failed to allege any facts establishing contacts between the individual Defendants and the forum state outside

AO 72A
(Rev 8/82)

of standard business dealings of a corporate officer. Accordingly, John, Nina, and Brooke Soileau are dismissed for lack of personal jurisdiction. However, the Court will allow Harris the right to amend the complaint within ten (10) days to assert sufficient grounds for personal jurisdiction against these Defendants.

## C.   Individual Liability

As John, Nina, and Brooke Soileau have been dismissed for lack of personal jurisdiction, the Court will not address the issue of whether these Defendants can be held liable for discrimination under Section 1981.

## D.   MRC Columbus and MRC Valdosta

MRC Columbus and MRC Valdosta were not in existence at the time of MRC Brunswick's alleged discriminatory refusal to hire Harris in July 2001. MRC Columbus was incorporated on May 3, 2002. MRC Valdosta was incorporated on September 11, 2001. However, as discussed above, there are issues of fact regarding whether the MRC Defendants are indeed a single employer. Accordingly, MRC Columbus' and MRC Valdosta's motion will be denied.

AO 72A
(Rev 8/82)

## CONCLUSION

The Court has considered carefully the positions of all parties to this action. For the reasons set forth above, Defendants' partial motion to dismiss or, in the alternative, partial motion for summary judgment is **GRANTED IN PART** and **DENIED IN PART**. Harris' Title VII claim is **DISMISSED** as to all Defendants. Defendants, MRC North Florida, MRC Florida, John Soileau, Nina Soileau, and Brooke Soileau, are **DISMISSED** entirely as defendants for lack of personal jurisdiction. Harris has ten (10) days to amend the complaint to assert sufficient grounds for personal jurisdiction against John Soileau, Nina Soileau, and Brooke Soileau.

**SO ORDERED**, this ___27th___ day of October, 2003.

_____
JUDGE, UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA

17

AO 72A
(Rev 8/82)

UNITED STATES DISTRICT COURT
Southern District of Georgia


Case Number:     2:03-cv-00110
Date Served:     October 27, 2003
Served By:       Sherry L. Taylor

Attorneys Served:

Stephen M. Katz, Esq.
Roy J. Boyd Jr., Esq.
Jeffrey S. York, Esq.
Thomas R. Brice Jr., Esq.
Scott S. Cairns, Esq.
B. Kaye Katz-Flexer, Esq.


✓ Copy placed in Minutes

✓ Copy given to Judge

____ Copy given to Magistrate